**Brian HOGAN, Petitioner–Appellant,**

v.

**James HAMLET, Warden,
Respondent–Appellee.**

No. 07–16222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed May 29, 2008.

Michael B. Bigelow, Esq., Sacramento, CA, for Petitioner–Appellant.

Jamie A. Scheidegger, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Appellant Brian Hogan appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Hogan was convicted in California state court of possession of a destructive device in a public place, in violation of CAL.PENAL CODE § 12303.2, and possession of material with the intent to make a destructive device, in violation of CAL.PENAL CODE § 12312. In his petition, Hogan claimed that: (1) his conviction was based upon insufficient evidence, in violation of his rights under the Due Process Clause; (2) the prosecutor committed prejudicial misconduct by making reference to Hogan's failure to testify, in violation of *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); and (3) that trial counsel's failure to object to the purported *Griffin* violation constituted prejudicial ineffective assistance of counsel.

With respect to a challenge to the sufficiency of the evidence, under the standards of the AEDPA, "[s]tate court findings of fact are to be presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence." *Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir.2002)(alteration in original)(internal quotation marks omitted). Given the quantum of evidence in the instant case, petitioner cannot overcome this presumption.

At trial, police officers testified that they found Hogan in possession of M80 fireworks, "Piccolo Pete" fireworks, and a number of pipes, including some with their ends crimped or capped. They also found a combination of those materials constructed to form several improvised pipe bombs. The officers further testified that upon their effort to disengage two of those bombs, the bombs exploded, emitting a cloud of white smoke. A neighbor's testimony that Hogan stated the police "found

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the bomb" was also admitted at trial. Viewing this evidence in the light most favorable to the prosecution, we cannot say that no rational trier of fact could have found beyond a reasonable doubt the essential elements of possession of a destructive device in a public place. *Jackson v. Virginia,* 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Appellant's second claim is that the prosecutor improperly commented upon his exercise of his Fifth Amendment right to remain silent. During his closing argument, the prosecutor stated:

> There is one person who may have a little bit more knowledge than Sgt. Beach or Detective Linares or anyone else in this courtroom. One person, and this person is sitting here in court ... [i]t's this man right here ... Brian Hogan.

Appellant claims that this statement was an improper reference to his decision not to testify. However, because trial counsel did not object to the prosecutor's comment, this claim is procedurally barred by California's contemporaneous objection rule; that procedural bar is an independent and adequate state ground of decision precluding this court from addressing the claim. *Paulino v. Castro,* 371 F.3d 1083, 1092–1093 (9th Cir.2004).

■ Finally, appellant claims that his trial counsel's failure to object to the prosecutor's purportedly improper statement constituted ineffective assistance of counsel. Even if we were to find counsel deficient in failing to object, petitioner has not shown that he was prejudiced by any purported deficiency, as the trial court's curative instruction cured any error. *Ortiz–*

---

\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.